W. W. KIMBALL COMPANY *vs.* PIETRO TASCA.

PROVIDENCE—JANUARY 14, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Replevin. Bonds.*

The fact that a replevin bond is not dated will not of itself affect its validity.

(2) *Replevin. Bonds.*

A bond in replevin running in the name of "The X Company by its manager, A. B.," and signed by A. B., is not such a bond as is prescribed by the statute.

(3)  *Replevin.   Bonds.   Waiving Defects.*

Objections to the insufficiency of a replevin bond are waived by pleading to the merits.

REPLEVIN.   Heard on petition of plaintiff for new trial, and granted.

DUBOIS, J.   This is an action of replevin originally brought in a District Court, and thence into the Common Pleas Division of this court upon a claim for jury trial.

After a jury had been impaneled for the trial of the case on the second day of May, 1902, upon oral motion of counsel for defendant it was dismissed by the justice presiding, upon the ground that the replevin bond in the action was insufficient. The bond is of the tenor following:

"Know all Men that we the W. W. Kimball Company, by its manager, James Parkinson of Providence in the county of Providence and State of Rhode Island and Providence Plantations, as Principal, and J. H. Christie and J. F. Coupe of Providence in the county of Providence as sureties, are firmly bound to Pietro Tasca of said Providence, in the sum of seventy dollars, being double the value of the goods and chattels replevied, to be paid to said Pietro Tasca, his executors, administrators or assigns; to which payment we bind ourselves, our several and respective heirs, executors and administrators, jointly and severally, by these presents.   Sealed with our seals and dated this  .        day of          A. D. 189  ·  at       .

"The condition of this obligation is:—That whereas said W. W. Kimball Company hath commenced an action of replevin against said Pietro Tasca for one piano made by Brackett Co., number 643, style sq., of the value of thirty-five (35) dollars before the District Court of the Sixth Judicial District, to be holden at Providence, in said county, within and for said District, on the 20th day of June A. D. 1901.   Now if said W. W. Kimball Co. shall prosecute said writ of replevin to final judgment, and pay such damages and costs as said Pietro Tasca shall recover against it, and shall also return and restore the same goods and chattels, in like good order and condition

as when taken, in case such shall be the final judgment on said writ, then this obligation shall be void; otherwise, shall remain and be in full force and effect.

"Signed, sealed and delivered
     in presence of

"JAMES PARKINSON.  [L. S.]
"J. H. CHRISTIE.      [L. S.]
"J. F. COUPE.         [L. S.] "

The defendant claims that the bond is defective in two particulars, viz.: First, that it is undated; and second, that, while it purports to be the bond of the plaintiff corporation, it is signed only by James Parkinson as principal.

The plaintiff claims that the bond is sufficient; that the omission of a date is merely a clerical error, an omission of form and not of substance; that the bond is the bond of James Parkinson for and in behalf of the plaintiff; and that the objection came too late, because the defendant appeared and filed pleas of avowry and property in himself and tender in the District Court, June 28, 1901, and proceeded to trial in said court August 8, 1901, and after decision for the plaintiff for possession, damages and costs, claimed a jury trial on the same day without making any objection to the bond, in the District Court or in the Common Pleas Division of this court, until after the case had been not only assigned for trial, but even after the jury had been impaneled as hereinbefore mentioned.

(1) We are of the opinion that the omission of the date in the bond is immaterial.

"The fact that a bond is erroneously dated, or bears no date at all, will not affect its validity, if other essentials necessary to give it a legal and binding effect have been complied with." 5 Cyc. 734, and cases cited.

(2) The defendant's second objection to the bond, however, is well founded. It is neither the bond of the W. W. Kimball Company nor that of James Parkinson, clearly not such a bond as the statute prescribes, and is consequently insufficient to authorize the service of the writ. Such a bond was held de-

fective on a plea in abatement to the writ in *Smith* v. *Fisher*, 13 R. I. 624, and would be so held on a plea in abatement or motion to dismiss seasonably made in this case.

(3)    Conceding as we do that the bond in this action does not comply with the statutory requirements, nevertheless we are of the opinion that the objection came too late.   As the object of the bond is to furnish security to the defendant, he can waive the security if he pleases; and it has been held that if the defendant goes to the trial of the action on its merits, he waives objections to the bond and the action will not afterwards be dismissed for insufficiency of the bond.   Am. & Eng. Ency. L. 2d ed. vol. 24, p. 530, nn. 4 and 5, and cases cited.   A motion to dismiss for a defective bond must be filed at the first term, and is waived by pleading to the merits before the motion is filed.   Ency. Pl. & Pr. vol. 18, p. 625, note and cases cited. And see also *Clarke* v. *Mayor and Aldermen of Newport*, 5 R. I. 333; *Potter* v. *Smith*, 7 R. I. 55.

Petition for new trial granted, and case remitted to the Common Pleas Division for further proceedings.

*George A. Littlefield*, for plaintiff.

*Henry M. Thompson, Howard B. Gorham*, for defendant.